McFarland, J.,-
delivered the opinion of the Court.
This suit was brought by Matlock against the plaintiff in error as administrator of Daniel Forsee, deceased, before a Justice of the Peace, to recover, as the warrant shows, a debt “due by account.” The cause was taken by appeal to the Circuit Court, and resulted in a verdict and judgment in favor of the plaintiff Mat-lock, and a new trial being refused, an appeal in error has been prosecuted to this Court.
' Upon the trial in the Circuit Court, the plaintiff offered in evidence what purported to be a copy from his book of accounts, which consists of one item against Daniel Forsee, intestate of defendant, as follows: “For work and labor done by self and wife, waiting and attending on him in his last sickness, from 16th November, 1866, to 27th December, 1866, thirty-five days and nights, exclusive of Sundays, at two dollars per day, $70.00.” The plaintiff below also offered his affidavit made before the clerk, in which he states that the matter in dispute is a book account, and that the foregoing is a correct transcript of his account against D. Forsee from his, affiant’s, book; that he has no means of showing the performance of the services he here proposes to prove except his own oath and his book; that the book contains a true account of all the dealings, and a true statement of his accounts with said D. Forsee up to his, said Forsee’s, death; that the thirty-five days and nights’ services *423 therein charged for, from the 16th of November, 1866, to 27th December, 1866,' excluding Sundays, were actually performed as stated at said Forsee’s request, and •that said Forsee promised affiant he should be well paid for such work and labor, and further, that he has given said Foresee all just credits.”
This affidavit and account were objected to by the defendant below upon the ground that the affidavit was ex parte, and could not be considered as .evidence, and also because the original book was not produced. These objections were overruled, and the account and affidavit were read in evidence to the jury, and upon this the plaintiff rested his case.
The statute under which this action was brought, commonly called the book debt law, is as follows.:
“On the trial of actions for goods, wares and merchandise sold and delivered, or for work and labor done and performed, or executing a writ of inquiry' in such actions, the plaintiff’s book of accounts shall be admissible evidence of the sale and delivery of articles not exceeding seventy-five dollars in value, which were delivered within two years before the action brought, if the plaintiff make oath that the matter in dispute is a book account; that he has no •means to prove the delivery of such articles as he shall then propose to prove by his own oath, but by his book; that the book contains a ¡true account of all the dealings or last settlement of accounts between them; that all the articles therein contained, and 'by him so -proved, were really delivered; and that he has given the defendant all just credits.”
*424 The affidavit in this case contains all the requirements of the statute, and something more. It contains, in addition to the requirements above set forth, the further statement that Daniel Forsee, the intestate of defendant, promised him, the plaintiff, that he should be well paid for the services for which the action was brought, and this with the balance of the affidavit was allowed to go to the jury as evidence.
It will be observed that the statute makes the plaintiff’s book of accounts, or a copy if notice is not given to produce the original, evidence. It is true that to make it so, the plaintiff must make oath as required by the statute. Upon this, the book, or true copy, becomes evidence, but without the book or the copy the affidavit would be no evidence at all.
In the second place, upon the oath being made, the book is evidence only for a certain purpose. That is, in the express language of the statute, it is admissible evidence of the sale and delivery of the articles, or perhaps of the performance of the work and labor, under certain restrictions as to amount and time; but if other facts aside from the sale and delivery of the articles, or the performance of the work and labor, are necessary to make out the plaintiff’s case, these facts can not be established by the book or affidavit of the party, but must be made out by independent testimony.
The statute was in derogation of the common law, and did not make the book evidence for any other purpose than is stated in the statute, this being all that was necessary.
*425 The evidence introduced upon the part of the defendant, shows that the wile of the plaintiff Matlock is the daughter of Daniel Forsee, who became sick with his last sickness about the middle of November, 1866, and died about the 27th of December of the same year, being at the time .very old, and during this last sickness of said Daniel, the plaintiff and his wife staid with him and were very kind to him and attentive to his wants, as were also his other children, but it seems that the plaintiff’s wife was rather more efficient as a nurse than the others. This service is the foundation of the plaintiff’s claim.
Ordinarily, services of this character, when rendered to a parent by his children, are not supposed to be the subject of compensation, but are usually regarded as but the kind offices which one neighbor owes to another in affliction, the obligation being still more binding between parent and children.
Still, upon an express contract, or when from the circumstances a contract to pay for such services may be implied, an action may be maintained. So the vital question in this case was whether there was any understanding, express or implied, that these services were to be paid for; or was it a case, as the defendant insisted, where the services were rendered under the moral obligations resting upon the parties to do so, without any understanding or expectation of being paid for it?
This was the vital question in the case, and upon this, the affidavit of the plaintiff below, containing in addition to the facts authorized by the statute, the further *426 statement that “said Forsee promised that affiant should be -well paid for such work and labor,” was allowed to go to the jury as evidence without explanation. This was error — it was allowing the plaintiff, by an affidavit ex parte as to this, to give evidence upon the vital point of the case, far beyond the purview and meaning of the statute.
And furthermore, we are of opinion that upon a proper construction of the statute, the correct practice would be, instead of reading the affidavit of the party, to introduce him as a witness, for the purposes authorized by the statute, so that he may be cross-exam.ined by the other party. Johnson & Draper v. Price, 3 Head, 549.
When the plaintiff closed his case, the defendant below introduced evidence explanatory of the character of the services rendered, the object of which seems to have been, to show from the circumstances that the services were not upon any express or implied contract for compensation.
Thereupon the plaintiff, by way of rebutting evidence, introduced witnesses, and asked them what they knew in regard to a contract between the defendant’s intestate and the plaintiff in regard to pay for the services of plaintiff and wife during the last sickness of said Daniel Forsee.
This testimony was objected to- upon the ground that it was not rebutting, but the objection was overruled, and the questions answered, and facts proven by the witness tending to show a promise upon the part of Daniel Forsee to pay for the services. Questions *427 as to the order in which testimony is introduced generally rest in the discretion of the Circuit Judge. The general rules upon these questions may in his discretion be suspended, and upon such questions this Court would not ordinarily reverse unless there had been a very decided abuse of that discretion; but in this case the plaintiff had rested his ease upon a copy of an account from his book, with an affidavit that he had no means of proving it otherwise, and that it was a matter of book account, etc., and yet, after evidence upon the part of the defendant, the plaintiff was allowed to prove by witnesses, directly in the face of his affidavit, that they knew of the services, or a great part of them at least, and that there was an agreement that they should be paid for, and this too without any affidavit that this testimony had been newly discovered, but upon the sole ground that it was rebutting. This was allowing the plaintiff to abandon the entire ground of his claim, and advance a ■ character of evidence, which, if true, shows that his book account should not have been received at all. We doubt whether this is a proper exercise of discretion.
Reverse the judgment.